## UNITED STATES DISTRICT COURT
## FOR THE STATE OF DELAWARE

MP VISTA, INC., HABIB PETROLEUM   :
WARREN'S SHELL, INC., INDIVIDUALLY :    No. _____
AND ON BEHALF OF THOSE   :
SIMILARLY SITUATED   :
  :
  :
VERSUS   :
  :
  :
MOTIVA ENTERPRISES, LLC AND SHELL : 
OIL COMPANY   :

### COMPLAINT- CLASS ACTION

NOW INTO COURT, throught undersigned counsel and pursuant to Federal Rule of Civil Procedure 23 come MP Vista, Inc., Habib Petroleum, Warren's Shell, Inc., Individually And On Behalf Of Those Similarly Situated, all of which ARE Florida corporations who individually and on behalf of those similarly situated represent as follows:

### I.--INTRODUCTION

THE plaintiffs are retail channel partners of the defendants who were directed to close their fuel pumps on May 26, 2004 after Motiva discovered the gasoline it refined at its Norco Refinery in Louisiana and distributed in Florida, Mississippi, and Louisiana was contaminated with trace amounts of elemental sulfar.

### II.--DEFENDANTS

Defendants here, Motiva Enterprises, LLC and Shell Oil Company, are a limited liability company and a business corporation, respectively, both of which are domiciled at 1209 Orange Street, Wilmington, Delaware 19801.

### III.--JURISDICTION

This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act (CAFA) 28 USC 1332(d)(2) because this is a class action in which there is at least minimal diversity and the matter in controversy exceeds the sum of Five Million Dollars($5,000,000.00) exclusive of interest and costs.

## IV.--VENUE

Venue is proper pursuant to 28 USC 1391(a) because both defendants are domiciled in this District.

## V.--CLASS DEFINITION

The plaintiffs propose to proceed on behalf of the following class:

The channel partners of Motiva Enterprises, LLC and Shell Oil Company directed by the defendants on May 26, 2004 to close their fuel pumps after the Motiva Refinery at Norco, Louisiana discovered the gasoline it refined and distributed was contaminated with elemental sulfar and who suffered damages as a result thereof.

## VI.-- FACTS

The defendants notified the plaintiffs and the putative class they seek to represent on or about May 26, 2004 that the Norco Refinery of Motiva Enterprises LLC has refined and distributed gasoline to its Shell Oil Company retail and wholesale channel partners in Florida, Mississippi and Louisiana which was unfit for its intended use do to contamination from trace elemental sulfar.

## VII.

The identified notification by the defendants included a mandatory instruction to the plaintiffs and all putative class member to cease fuel sales.

## VIII.

The plaintiffs and the putative class, they seek to represent, operate car washes, garages, miscellaneous, ancillary income streams and/or convenience stores, together with offering defendants' fuel products for sale.

## IX.

The plaintiffs as a result of the mandatory cessation of fuel sales ordered by the defendants suffered damages to the tangible and non-tangible aspects of their business.

## X. COUNT 1- NEGLIGENCE

The plaintiffs adopt by reference paragraphs I-IX as if repeated herein, in extensor.

## XI.

The refining and distribution of the contaminated fuel by the defendants, proximately resulted in damages to the plaintiffs, due to the defendants' imprudence and lack of skill. See La. C.c. art 2316.

## XII.—COUNT 2- BREACH OF WARRANTY

The plaintiffs adopt by reference paras. I-IX as if repeated herein, in extenso.

### XII.

The defendants' distribution of sulfar contaminated fuel to the plaintiffs and all of the putative members, breached the implied warranties of fitness for use and merchantability as provided by the Uniform Commercial Code.

## XIII.—NUMEROSITY

This action is maintainable as a class action because the size of the class, upon information and belief, is so numerous that joinder of all members would be impracible. This level of numerosity is better handled through the class action procedure.

## XIV.—COMMON QUESTIONS OF LAW AND FACT

Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting individual members of the class. Among the questions of law and fact common to the class are:

a. Whether or not the cessation of fuel sales during Memorial Day weekend travel detrimentally impacted the plaintiffs businesses.
b. Whether or not the sale/distribution of contaminated fuel breached implied warranties under the UCC.

## XV.—CLASS REPRESENTATIVES

Plaintiffs will fairly and adequately represent and protect the interest of the class. Plaintiffs, the class representatives herein, have retained counsel who are skilled and experienced in the prosecution of class action litigation, and who will adequately handle this action in an expeditious manner to the best interests of all members of the class.

## XVI.—SUPERIORITY

A class action is a superior vehicle for the fair and efficient adjudication of this litigation, because individual joinder of all class members is impracticable and would be expensive and

unduly burdensome on individual class members, defendants, and the court system. Additionally, because of the disparity of resources available to individual class members, prosecution of separate actions would work a financial hardship on many class members. Finally, a class certification is appropriate because the prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class that would be as practical matter be dispositive of the interests of the other members not parties to the adjudications, and would substantially impair their ability to protect their interests.

XVII.

The plaintiffs pray for a trial by jury.

WHEREFORE, the plaintiffs, MP Vista, Inc., Habib Petroleum, Warren's Shell, Inc. Individually And On Behalf Of Those Similarly Situated, pray for Judgment against the defendants, Motiva Enterprises, LLC and Shell Oil Company, together with costs and attorney fees.

Respectfully submitted,

JONATHAN B. O'NEILL, ESQ. Bar I.D. 4442
MORTON R. KIMMEL, ESQ. Bar I.D. 132
MICHAEL D. BEDNASH, ESQ. Bar I.D.2948
Kimmel, Carter, Roman & Peltz, P.A.
200 Biddle Avenue, Suite 101
Spingside Plaza
Newark, Delaware19702
(302) 392-5277
Attorneys for Plaintiffs