UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MP VISTA, INC., AND HABIB PETROLEUM CORP., INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | § § § § § § | CIVIL ACTION NO. 2:2010-cv-00158 SECTION "B" MAGISTRATE 4 |
| versus | § § | HONORABLE IVAN L.R. LEMELLE |
| MOTIVA ENTERPRISES, LLC AND SHELL OIL COMPANY | § § § | MAGISTRATE KAREN WELLS ROBY |

## OPPOSITION TO PLAINTIFFS' MOTION TO AMEND

This putative class action is a copy-cat of *Liberty Shell, Inc. v. Motiva Enterprises, LLC*, No. 04-1770, the retailer case arising out of the sulfur fuel incident at Motiva's Norco refinery in May 2004. After this Court denied class certification in *Liberty Shell* in July 2006, the same Plaintiffs' counsel filed this essentially identical action in the District of Delaware, hoping to avoid the consequences of this Court's ruling. Venue in this case was later transferred to this District based on similarity to *Liberty Shell*.

This case was originally filed naming three putative class representatives from Florida: MP Vista, Inc., Habib Petroleum Corp., and Warren's Shell, Inc. Two of those three (Habib Petroleum and Warren's Shell) had previously sought leave to appear in *Liberty Shell*, but that request was denied as untimely. After this case was transferred to this Court from the District of Delaware, Warren's Shell was voluntarily dismissed as a plaintiff because it was discovered that Warren's had executed a release. At that point, Plaintiffs filed the instant motion, seeking leave to amend in order to add Bay Point Oil Corp. as a named plaintiff, apparently as a substitute for

Warren's Shell. Bay Point, however, had been part of the group of retailers that unsuccessfully sought to intervene in *Liberty Shell* in 2005. Thus, Plaintiffs and their counsel have been aware of Bay Point and its potential claims *for more than five years*, yet they never before sought to identify Bay Point as a named putative class representative in this case.

Under Fifth Circuit standards, leave to amend may be denied where a party has unduly delayed asserting new claims. Plaintiffs' motion present no justification or good cause for adding new a putative class representative now—particularly one who has been known to Plaintiffs' counsel literally for years. There has been no showing that Bay Point would be a stronger class representative than the current two, or that allowing a third Florida class representative to appear would impact the class certification analysis in any way. Class discovery is well underway, and allowing a new named plaintiff at this point would unduly prejudice Defendants and further drag out the proceedings over stale events that have already been considered by this Court once in *Liberty Shell*. Accordingly, Plaintiff's Motion to Amend should be denied.

## I.     BACKGROUND

This dispute involves the elevated-sulfur gasoline produced at the Norco refinery of Motiva Enterprises, LLC ("Motiva") for a few days in May 2004. The gasoline at issue was distributed to various of Motiva's retail channel partners—including Motiva's direct-served dealers, wholesalers, wholesaler-supplied service stations, and others—in Louisiana, Mississippi, and Florida. Although not hazardous, the elevated sulfur could cause malfunctions in fuel gauges of some automobiles. Upon learning of the issue, Motiva immediately alerted its retail channel partners and advised them to stop selling the potentially affected gasoline. Motiva also implemented a proactive program to remedy the situation, restore sales disruptions, and compensate retailers and consumers for the incident.

Although multiple class action suits were filed on behalf of consumers in the wake of the incident, only a single retailer—Gretna-based Liberty Shell, Inc.—filed suit, purporting to represent a class of hundreds of retail channel partners across three states. *See Liberty Shell, Inc. v. Motiva Enterprises, LLC*, No. 04-1770 (filed June 24, 2004). The *Liberty Shell* case, along with the consumer cases, was assigned to this Court and presided over by Judge Ivan Lemelle and Magistrate Judge Karen Wells Roby.

After the close of class discovery and the completion of class certification briefing, the plaintiff in *Liberty Shell* sought leave to amend its pleadings to assert a breach of warranty claim and to add eleven Florida retailers as named class representatives—including Bay Point Oil Corp. ("Bay Point").[1] Magistrate Judge Roby denied these requests as untimely, finding that the plaintiff failed to justify its delay in seeking to amend.[2] Later, Judge Lemelle denied Liberty Shell's motion for class certification, concluding that individual issues of causation and damages predominated over class-wide issues.[3] Thereafter, Liberty Shell settled its individual claims against Motiva, and the *Liberty Shell* case was ultimately dismissed.

The instant suit was filed the District of Delaware (where Motiva is organized) on April 21, 2007, approximately nine months after this Court denied class certification in *Liberty Shell*. Just like the prior case, this suit is a putative class action purporting to assert claims on behalf of hundreds of retail channel partners in three states—none of whom, notably, chose to file individual lawsuits after class certification was denied in *Liberty Shell*. This case was filed by many of the same lawyers who filed *Liberty Shell*. Two of the three original named Plaintiffs in this case—Habib Petroleum and Warren's Shell—were among those who tried unsuccessfully to intervene in *Liberty Shell* in 2005.

---

[1] *See Liberty Shell* Docket Sheet, Rec. Doc. 76 (May 10, 2005).
[2] *See* Rec. Doc. 84 at 3-7.
[3] *See* Rec. Doc. 99 (July 27, 2006); *see also* Def's Appx. to Motion to Transfer Venue, A-23.

3

Based on case law that prevents a plaintiff from forum-shopping to avoid an earlier denial of class certification, Defendants moved to transfer venue in this case from the District of Delaware to this Court. The case was transferred to this District on December 29, 2008,[4] and subsequently assigned to this Section.[5] On May 6, 2010, the Court entered an agreed scheduling order that set a deadline for motions to amend the pleadings of August 31, 2010.

Earlier this year, the parties learned that one of the original named Plaintiffs, Warren's Shell, had previously executed a release of its claims. Accordingly, the parties stipulated to the dismissal of Warren's Shell, and the Court granted dismissal on July 9, 2010.[6] In apparent hopes of bolstering their chances of obtaining class certification, Plaintiffs are now seeking leave to amend their pleadings to name Bay Point Oil as an additional putative class representative. Plaintiffs do not explain why Bay Point—which has been represented by Plaintiffs' counsel in connection with the sulfur incident since at least May 2005—was not named as a putative class representative when this case was filed in April 2007. Nor does Plaintiffs' motion attempt to make any showing of why Bay Point is differently-situated from the two existing named class representatives such that joinder would not be merely cumulative. Accordingly, Plaintiffs' motion to add Bay Point as a named class representative should be denied.

## II. LEGAL DISCUSSION

The Fifth Circuit has long held that leave to amend under Rule 15 "is by no means automatic." *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981) (affirming the denial of leave to amend). While "leave to amend must be freely given, that generous standard is tempered by the necessary power of a district court to manage a case." *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 891 (5th Cir. 1987). In deciding whether

---

[4] *See MP Vista* Docket Sheet, Rec. Doc. 26.
[5] *See* Rec. Doc. 32.
[6] *See* Rec. Doc. 51.

to allow amendment, a court may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *In re Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir. 1996); *see also Earlie v. Jacobs*, 745 F.2d 342, 345 (5th Cir. 1984) (denying leave to amend that would delay trial and prejudice defendant); *Lozano v. Ocwen Fed. Bank, FSB,* 489 F.3d 636, 644 (5th Cir. 2007) (district courts have discretion to deny motions for leave to amend based on undue delay).

### A. Plaintiffs have not met their burden of establishing a legitimate basis for their delay in seeking to join Bay Point as a named class representative.

Plaintiffs waited more than three years after filing their original Complaint to seek leave to amend to add an additional named class representative. Such a long delay, standing alone, is sufficient basis for denying leave to amend. *See Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) ("At some point in time delay on the part of a plaintiff can be procedurally fatal."). In cases involving such a lengthy delay, the burden is on the plaintiff to demonstrate that the delay was not merely tactical, but rather was "due to oversight, inadvertence, or excusable neglect." *See Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 994-95 (5th Cir. 2005) (quoting *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981)). Plaintiffs cannot make this required showing and, indeed, their motion does not even attempt to do so.

Plaintiffs have proffered no legitimate explanation for why they waited years to seek leave to add Bay Point as a named class representative. To the contrary, Plaintiffs *admit* that the claims of Bay Point arise out of the same facts and circumstances that underlie their original pleadings in both *Liberty Shell* and this suit.[7] Moreover, when they filed this suit, Plaintiffs and their counsel were clearly aware of Bay Point—and the strengths and weaknesses of its potential

---

[7] *See* Pl. Mem. in Supp. at 1.

5

936414_1.Doc

claims—since Bay Point, Habib Petroleum, and Warren's Shell all had been part of the group that previously sought to intervene in *Liberty Shell*. Plaintiffs' motion presents no explanation for why Bay Point was not included as one of the named Plaintiffs when this case was first filed. Nor does Plaintiffs' motion point to any new facts or recently discovery evidence that might justify the long delay. Accordingly, leave to amend may properly be denied. *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (holding that district court properly denied leave to amend where the movants were aware of the facts supporting their new amendments well before they brought it forward).

In the absence of any reasonable explanation for the delay, the only possible conclusion is that Plaintiffs' are seeking to add Bay Point now because one of the original putative class representatives (Warren's Shell) was voluntarily dismissed recently. Plaintiffs apparently feel that their chances of surviving a class certification motion will be stronger with three putative class representatives than with two. However, such "tactical maneuvers" do not provide a legitimate explanation for a delayed amendment. *See id.* More importantly, Plaintiffs' motion does nothing to explain why they need a third named class representative or how adding Bay Point would help them overcome the predominance problems that precluded certification in *Liberty Shell*. Like the two existing named Plaintiffs, Bay Point is an independent lessee-dealer located in Florida and whose sales agreement is therefore governed by Florida law; thus, for class certification purposes, there is no material factual or legal distinction between Bay Point and the two current class representatives. Because there has been no showing that allowing Bay Point to appear would materially alter the analysis on class certification, allowing the amendment now would serve no purpose and would merely increase the complication and expense of the class certification proceeding.

### B. The proposed amendment would increase the expense and complication of a class certification proceeding, without materially affecting the outcome.

Allowing a third named class representative to appear now, at a point when class discovery is well underway, would prejudice Defendants and would risk further postponing the resolution of a case that has already been substantially delayed by Plaintiffs' forum shopping in Delaware. Defendants have already propounded written interrogatories and requests for production to the existing named plaintiffs, and Defendants have already begun analyzing the information produced. Requiring Defendants to restart written discovery with a new named Plaintiff will only increase expenses and may hamper Defendants' ability to prepare for class certification briefing on the current schedule.

Moreover, allowing Bay Point to appear as a named Plaintiff would increase the number of depositions that will be required before the class certification hearing from two to three—thereby increasing deposition expenses by 50% in a case that has little hope of achieving certification in any event based on the experience with *Liberty Shell*. Those increased expenses are particularly unwarranted given that, as discussed above, Plaintiffs have made no showing that Bay Point would be a "more adequate" class representative than the two current ones or is distinct from the two current class representatives in any meaningful way.

Finally, Defendants would be prejudiced, and the Court would be burdened, because the addition of a third, redundant putative class representative will only increase the amount of evidence that must be presented at the class certification stage. *See, e.g., Fairley v. Stalder*, 294 Fed. Appx. 805, 814, n.36, 2008 WL 3244022 (5th Cir. 2008) (quoting magistrate judge's rationale for denying plaintiffs' third amended complaint because it was "a veiled effort to continue to add party-plaintiffs rather than properly pursue the class action certification."). This

will complicate the parties' evidentiary submissions and briefs, all without any reason to believe that the additional evidence would have a material impact on the substantive outcome.

### C. In the alternative, if the Court allows the amendment, discovery from Bay Point should be expedited.

In the event that the Court overlooks the clear prejudice to Defendants and allows the amendment, discovery from Bay Point should be expedited in order to minimize the resulting delays and expenses. In particular:

1. Bay Point should be ordered to provide answers to the set of written interrogatories that Defendants previously served on each of the other two Plaintiffs, and to produce documents responsive to the requests for production that Defendants previously served, within 20 days of any order granting leave to amend and without requiring Defendants to re-propound those requests; and

2. All three putative class representatives, including Bay Point, should be ordered to appear for oral depositions in New Orleans at the offices of Defendants' counsel, on dates to be agreed by the parties.

## III. CONCLUSION

For these reasons, Defendants respectfully ask the Court to deny Plaintiffs' motion for leave to amend their complaint.

                                        Respectfully submitted,

                                        <u>s/ George Denegre, Jr.</u>
                                        George Denegre, Jr. (La. 8387),T.A.
                                        LISKOW & LEWIS
                                        701 Poydras Street, Suite 5000
                                        One Shell Square
                                        New Orleans, LA 70139-5099
                                        Telephone: (504) 581-7979
                                        Facsimile: (504) 556-4108

                                        David M. Rodi (*pro hac vice*)
                                        State Bar No. 0079733
                                        Federal I.D. No. 23814
                                        Louis E. Layrisson III
                                        State Bar No. La. 31829
                                        BAKER BOTTS L.L.P.
                                        910 Louisiana St.
                                        Houston, TX 77002
                                        Telephone: (713) 229-1234
                                        Facsimile: (713) 229-1522

                                        ATTORNEYS FOR MOTIVA ENTERPRISES LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of October, 2010, I electronically submitted the foregoing document with the clerk for the U.S. District Court, Eastern District of Louisiana, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to all counsel of record who has consented in writing to accept this Notice as service of a true and correct copy of this document by electronic means.

s/ George Denegre, Jr.
George Denegre, Jr.
