**MINUTE ENTRY**
**ROBY, M. J.**
**October 20, 2010**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MP VISTA, INC., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:   10-0158** |
| **MOTIVA ENTERPRISES, ET AL.** | **SECTION: "B" (4)** |

### ORDER

Before the Court is **Plaintiff's Motion to Amend Complaint (R. Doc. 57)** filed by Plaintiff, MP Vista, Inc., and Habib Petroleum, Individually and on Behalf of Those Similarly Situated (collectively, "the Plaintiffs"), seeking an Order granting leave to amend its class action petition. Defendants, Motiva Enterprises, LLC ("Motiva") and Shell Oil Company ("Shell") (collectively, "the Defendants") oppose the motion. (R. Doc. 59.) The motion is set to be heard with oral argument on October 20, 2010.

### I.   Background

Defendants Motiva and Shell are limited liability companies domiciled in Delaware and organized under Delaware law. (R. Doc. 1, p. 1.) Motiva is jointly owned by Shell and Saudi Refining, Inc. (R. Doc. 9, p. 3.) Motiva refines and distributes gasoline under the Shell brand in the Gulf Coast and East Coast regions of the United States. (R. Doc. 9, p. 3.) Motiva distributes gasoline through a variety of its "channel partners." (R. Doc. 9, p. 3.) These channel partners

**MJSTAR:   00:09**

include: (a) dealers who lease or own independent service station businesses; (b) contract operators who run company-owned stores under various types of contractual arrangements; and (c) wholesale distributors who supply their own networks of branded and un-branded stations. *Id.* Among other things, these channel partners "operate car washes, garages, . . . and/or convenience stores, together with offering defendants' fuel products for sale." (R. Doc. 1, p. 2.) The named Plaintiffs and proposed class in this case are all channel partners of the Defendants.[1] (R. Doc. 1, p. 1.)

In their Complaint, Plaintiffs allege that on May 26, 2004, they were directed by the Defendants to close their fuel pumps after Motiva discovered that gasoline it refined at its Norco Refinery in Louisiana, and distributed to its channel partners in Florida, Mississippi, and Louisiana was contaminated with trace amounts of elemental sulfur. (R. Doc. 1, p. 1.) Plaintiffs further allege that, among other things, they incurred financial losses and suffered further damages as a result of the defendant's negligence and breach of warranty.[2] (R. Doc. 1, pp. 2-3.) The Defendants deny these allegations in their answer. (R. Doc. 7.)

The action was originally filed in the United States District Court for the District of Delaware. (R. Doc. 1.) On April 2, 2007, the Defendants filed a motion to transfer the action to the Eastern District of Louisiana. (R. Doc. 8.) On December 29, 2008, the District of Delaware granted the motion. (R. Doc. 26.) The District of Delaware found that public interest factors weighed in favor of transferring the lawsuit because the Eastern District, and the presiding judge, had already ruled on a motion for class certification in an "essentially identical" case, resulting from the "same

---

[1] The named plaintiffs in this action are also all Florida corporations. (R. Doc. 1, p. 1.)

[2] Specifically, plaintiffs allege that by refining and distributing the contaminated fuel, the defendants breached the implied warranties of fitness for use and merchantability under the Uniform Commercial Code. (R. Doc. 1, p. 3.)

2

underlying fuel contamination incident at issue in this case."[3]  (R. Doc. 26, p. 5.)

The original putative class representatives in the underlying matter were MP Vista, Inc., Habib Petroleum Corporation, and Warren's Shell, Inc.  However, on July 7, 2010, Warren Shell, Inc. stipulated to the voluntary dismissal of their claims against the Defendants.  (R. Doc. 49, p. 1.)  They also stipulated that they would not re-assert their claims.  *Id.*

As to the present motion, the Plaintiffs seek leave to amend their Complaint to add Bay Point Oil Corporation ("Bay Point") as a putative class representative.  (R. Doc. 57, p. 1 .)  Bay Point, like the other class representatives, is also a retail channel partner of Motiva and was directed to close their fuel pumps on May 26, 2004, due to the trace amounts of elemental sulfur found in the gasoline.  (R. Doc. 57-2, p. 1.)  The Defendants oppose the motion and contend that the Plaintiffs have unduly delayed adding Bay Point as a representative and that they will be prejudiced by the amendment.

## II.    Standard of Review

Federal Rule of Civil Procedure ("Rule") 15(a)(2) governs the amendment of pleadings and provides that a "court should freely give leave when justice so requires."  The Rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."  *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so.  *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998).  Furthermore, "this 'policy' is strongest when the motion challenged is the first motion to

---

[3]*See Liberty Shell, Inc. v. Shell Oil Company, et al.,* No. 04-cv-01770 (E.D. La. filed June 24, 2004)(retailer class action).

3

amend." *Thompson v. New York Life Ins. Co.*, 644 F.2d 439, 444 (5th Cir. 1981). Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. *Id.*

However, leave to amend is by no means automatic. *Addington v Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id.* In exercising its discretion, the trial court may consider such factors as: (1) undue delay, bad faith, or dilatory motive by the movant; (2) the repeated failure to cure deficiencies by previously allowed amendments; (3) undue prejudice to the opposing party if the amendment is allowed; and (4) futility of the amendment. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

### III.     Analysis

The Plaintiffs contend that Bay Point is currently still in business and that the class would be better served if they were added as a putative class representative in the lawsuit. (R. Doc. 57, p. 1.) The Plaintiffs further contend that Bay Point will fairly and adequately represent the interests of the class. (R. Doc. 57-2, p. 1.) The Plaintiffs also assert that the Federal Rules liberally permit amendments, and as no prejudice would result to the Defendants, leave should be granted. (R. doc. 57-2, p. 2.)

At the hearing, the Plaintiffs contended that they are merely attempting to substitute one Plaintiff (Warren Shell) for another (Bay Point). Plaintiffs further contended that they wish to add Bay Point as a plaintiff because they have better records than the other representatives and therefore would better serve the interests of the class. Plaintiffs also asserted that while discovery has commenced, it is only in its infancy. Specifically, the Plaintiffs asserted that only written discovery

has begun and no depositions have been conducted.

In contrast, the Defendants contend that the Plaintiffs should not be permitted to amend their Complaint to add Bay Point as a putative class representative because they: (1) unduly delayed adding Bay Point as a plaintiff; (2) the Plaintiffs would be prejudiced because discovery has already commenced; and (3) the Plaintiffs have failed to provide a reason to add Bay Point as a putative class representative.

Defendants contend that leave to amend should not be granted because Plaintiffs have unduly delayed adding Bay Point to the action because they have known of the existence of Bay Point for over five (5) years. (R. Doc. 59, p. 2.) Defendants contend that Bay Point, and the Plaintiffs, were part of a group that had unsuccessfully attempted to intervene in *Liberty Shell*, and therefore the Plaintiffs were aware of Bay Point's existence and interest in the underlying matter. (R. Doc. 59, pp. 5-6.) Defendants argue that the Plaintiffs have not provided a reason for not including Bay Point as a plaintiff, and does not point to any new facts or recently discovered evidence that would justify the three year delay of adding Bay Point as a putative class representative. (R. Doc. 59, pp. 5-6.)

Defendants also contend that discovery in the underlying matter has already commenced. Therefore, the Defendants would be prejudiced if a new plaintiff was added to the underlying matter. Defendants contend that this amendment is merely tactical. (R. Doc. 59, p. 6.) Defendants assert that "Plaintiffs apparently feel that their chances of surviving a class certification motion will be stronger with three putative class representatives than with two." (R. Doc. 59, p. 6.) Defendants contend that the Plaintiffs motion does not explain why a third class representative, or how Bay Point specifically, would assist the Plaintiff in overcoming the class certification issues that

5

precluded certification in *Liberty Shell*. Defendants further contend that there are no material factual or legal distinctions between Bay Point and MP Vista and Habib Petroleum. (R. Doc. 59, p. 6.)

Alternatively, the Defendants contend that if the Court grants leave to the Plaintiffs, the discovery from Bay Point should be expedited. (R. Doc. 59, p. 8.) Specifically, Defendants request that they not be required to re–propound their discovery requests that were already served on the other two putative class representatives, and that Bay Point respond to the discovery requests within twenty (20) days from the signing of an order granting leave to amend. (R. Doc. 59, p. 8.) Defendants also request that the Court order all three putative class representatives to appear for oral depositions in New Orleans at the offices of the Defendant's counsel on dates to be agreed upon by the parties.[4] (R. Doc. 59, p. 8.)

According to the Scheduling Order, the deadline to amend pleadings was August 31, 2010. (R. Doc. 42, p. 1.) This present motion for leave was filed on August 31, 2010, and is therefore timely. The Court finds that because the request was timely made, the Plaintiffs are entitled, as architects of their own case, to substitute a party Plaintiff.

Permitting Bay Point to be substituted for Warren Shell will not result in any prejudice to the Defendants. Although discovery has commenced, the discovery deadline is not until February 28, 2011. (R. Doc. 42.) There is no evidence that substituting Bay Point as a plaintiff will impede the parties' ability to meet this deadline. Therefore, no prejudice would result.

During the hearing, counsel for the Defendant requested that the Court require Bay Point to respond to the discovery requests already propounded on the Plaintiffs in less than the thirty (30)

---

[4]Implicit in this request is a motion to compel the class representatives to appear for oral depositions in New Orleans. The Court notes that a response memorandum is an improper vehicle for raising a motion. Therefore, the Court need not address it. To the degree that issues may arise regarding the class representative depositions, Defendants should utilize the procedure set forth in the Federal Rules of Civil Procedure.

days afforded by Federal Rule of Civil Procedure 33. The Court declines to expedite discovery regarding Bay Point as per the Defendant's request. The Court finds that expediting the discovery deadlines is unnecessary at this time. Further, Defendants have cited no authority for modifying the normal time period provided by the Federal Rules. Therefore, the parties shall proceed with discovery pursuant to the Federal Rules of Civil Procedure.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that MP Vista, Inc.'s and Habib Petroleum, Individually and Behalf of those Similarly Situated's **Plaintiff's Motion to Amend Complaint (R. Doc. 57)** is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's request to expedite discovery on Bay Point is hereby **DENIED.**

New Orleans, Louisiana, this 25th day of October 2010

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**